IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal No. 05-4 Erie |
| ) | |
| MICHELLE NICOLE WELSH ) | |

**DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS**

AND NOW, comes the defendant, Michelle Nicole Welsh, by her attorney, Thomas W. Patton, Assistant Federal Public Defender, and respectfully files his Position With Respect To Sentencing Factors. In support thereof, counsel states:

Michelle is a 23 year-old single mother of three children all of whom are under age four. She has had a tough life, being abandoned by her father and neglected by her crack addicted mother. Michelle was raised by her maternal grandmother who herself is an alcoholic. As a result of this dysfunctional family unit, Michelle spent time in numerous foster homes and juvenile facilities at the direction of Erie County Children and Youth Services. Despite these hurdles, Michelle has been trying very hard to give her children a better life than hers.

Filed separately with the Court are letters from Ms. Melissa Stull and Ms. Virginia DE Haven, two women who have worked with Michelle through their social service work. Ms. Stull acted as Michelle's Interdependent Living Counselor through Family Services of North West Pennsylvania between 1998 and 2003 and has continued to be a part of Michelle's life. Ms. Stull's letter provides great insight into Michelle's life and the work she has done to try and improve her situation. It is clear that Michelle's efforts have had a lasting impact on Ms. Stull who identifies

Michelle out of the hundreds of teens she has worked with over the years as a person deserving of a second chance.

Ms. DE Haven works for the Greater Erie Community Action Committee (GECAC) and worked with Michelle through GECAC's "Babies First" program. Ms. DE Haven, like Ms. Stull, speaks very highly of Michelle and the efforts Michelle has made to become a better parent to her children. Ms. DE Haven's letter honestly deals with the fact that Michelle struggled with marijuana addiction but through hard work and treatment has been able to over come her addiction.

This Court sees the circle of poverty and drug addiction daily. While society expects poor people raised in deplorable conditions, with no family support, to lift themselves up by their boot straps, the reality is that that seldom happens because it is tremendously hard to do. Michelle has worked hard to break out of the world she was born into. She hasn't always been successful as this case shows. However, when your mother and her friends are the main buyers of the crack cocaine your selling at your boyfriend's insistence because he's in jail, you don't have a lot of things going for you in life. Since her arrest in this case Michelle has cooperated in the investigation of others and has testified at her co-defendant's sentencing. She has become drug free and is working hard at being a good mother to her three young children.

Up to last week, Michelle had been working for County Fair as a cashier. However, Michelle lost that employment when she couldn't find a babysitter and missed one day of work. That is the kind of struggle the working poor face daily. Michelle has been doing everything society could ask of her and sending her to jail will only result in her children being placed in foster care and starting down the path to a life of group homes, and foster homes and then crime.

This Court is required to impose a sentence **"sufficient, but not greater than necessary"**

to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a)(1). Section 3553(a)(2) directs the Court to consider the need for the sentence imposed:

   (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B)   to afford adequate deterrence to criminal conduct;

   (C)   to protect the public from further crimes of the defendant; and

   (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Court must also consider the nature and circumstances of the offense, and the history and characteristics of the defendant, the kinds of sentences available, the sentence recommended by the sentencing guidelines, the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to victims of the offense. 18 U.S.C. § 3553(a)(1), (3), (4),(5),(6), and (7).

A sentence of probation with a period of home confinement is the appropriate sentence in this case. While selling crack cocaine is a serious offense, the nature and circumstances of the case reveal that Michelle only began selling crack cocaine when her boyfriend, the father of one of her children, was incarcerated and urged her to sell crack cocaine to his customers. As Michelle explained at Mr. Gavin's sentencing, her mother and her mother's friends were her main buyers. Certainly these facts don't justify selling crack cocaine, but they do explain why Michelle's actions are less culpable than the average crack dealer.

A sentence that is carefully balanced to achieve a just punishment in light of Michelle's cooperation and her personal background promotes respect for the law. It is easy to misinterpret the sentencing goal of promoting respect for the law as requiring a long sentence to reflect punishment

for breaking society's rules. However, a sentence that is disproportionately severe in light of the defendant's personal circumstances does as much to promote disrespect for the law as does a disproportionately low sentence.

Finally, a sentence of probation with home confinement is a just punishment for Michelle's offense. Home confinement is no walk in the park. Being confined to one's home is a significant restrain on freedom and can very effectively punish some one for their misconduct. It's hard to image Michelle needs anymore punishment to learn that she ought not violate the law in the future. Michelle has gone through the terrifying experience of being apprehended by federal drug agents and being told she is facing a significant amount of time in federal prison. She has cooperated in the investigation of others involved in the drug trade, and testified against her co-defendant. If all of this hasn't caused Michelle to learn her lesson a sentence called for by the sentencing guidelines isn't going to get the job done.

Similarly, there should not be significant concern that the public needs to be protected from Michelle. There is little risk that Michelle will re-offend. She is in criminal history category I and only became involved with drugs in this case because of her boyfriend's situation.

While Michelle is in need of social services to help her survive day-to-day, she is receiving those services now. Incarcerating Michelle is not going to help her deal with any of her problems and will only result in her children being placed in foster care.

Michelle's history and characteristics have been discussed in detail above and undeniably weigh in favor of a low sentence. The nature and circumstances of the offense, which have also been discussed, further weigh in favor of a low sentence. While Michelle's guideline imprisonment range is 46 to 57 months, the government's motion will cause that to be reduced regardless of what else

happens. Furthermore, based on the government's motion there will be disparity between Michelle's sentence and that of other defendants convicted of selling like amounts of crack but that disparity is not unwarranted. Likewise, imposing a sentence of probation with home confinement in this case will not cause **unwarranted** disparity between Michelle's sentence and other defendants who have not faced the hurtles in life Michelle has faced.

    WHEREFORE, defendant, Michelle Nicole Welsh, respectfully requests that this Honorable Court impose a sentence of probation with a term of home confinement.

                                            Respectfully submitted,

                                            <u>/s/ Thomas W. Patton</u>
                                            Thomas W. Patton
                                            Assistant Federal Public Defender
                                            PA I.D. No. 88653