Prob 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

U.S.A. vs. MICHELLE NICOLE WELSH          Docket No. 05-00004-001 ERIE

### Petition on Supervised Release

    COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Michelle Nicole Welsh, who was placed on supervision by the Honorable Sean J. McLaughlin sitting in the Court at Erie, Pennsylvania, on the 22nd day of February 2007, who fixed the period of supervision at two years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

Original conditions of supervision imposed by U.S. District Judge McLaughlin on February 15, 2006, at sentencing:

- The defendant shall not commit another federal, state, or local crime.
- The defendant shall not illegally possess a controlled substance.
- The defendant shall not possess a firearm.
- The defendant shall participate in a program of testing and, if necessary, treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic drug tests thereafter. Further, the defendant shall be required to contribute to the cost of services for any such treatment not to exceed an amount determined reasonable by the probation officer's sliding scale for substance abuse treatment services.
- The defendant shall pay to the United States a special assessment of $100.

| | |
|---|---|
| 02-15-06: | Distribute and Possess With Intent to Deliver in Excess of 5 Grams of Cocaine Base; Original Sentence, Judge McLaughlin, Erie, Pennsylvania, 3 months' imprisonment, to be followed by 3 years' supervised release. |
| 07-07-06: | Released to supervision; Supervised by United States Probation Officer Mathew L. Rea. |
| 10-24-06: | Judgment modified by United States District Judge Sean J. McLaughlin to include participation in the program and reside at the House of Healing in Erie, Pennsylvania, until she is either released by the probation officer or has been successfully discharged. |
| 02-22-07: | Revocation hearing, Judge McLaughlin; Term of supervised release revoked and sentenced to 5 months' custody of the Bureau of Prisons, to be followed by 2 years' supervised release. |
| 07-20-07: | Released to supervision; Supervised by United States Probation Officer David J. Conde. |

    **RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**

    Your Petitioner reports that the probationer has violated the following conditions of her probation:

    **The defendant shall not commit another federal, state, or local crime.**

U.S.A. vs. Michelle Nicole Welsh
Docket No. 05-00004-001 Erie
Page 2

On September 4, 2007, Ms. Welsh appeared before District Justice Carney and was given until September 18, 2007, to pay restitution to the victim in the case. If Ms. Welsh fails to do so, the case will proceed for a determination of guilt on the pending charges.

**The defendant shall refrain from any unlawful use of a controlled substance.**

Urine specimens obtained from Ms. Welsh on July 24, 2007, and August 7, 2007, tested positive for cocaine. The test were confirmed by Kroll Laboratory Specialists, Incorporated.

Ms. Welsh was confronted about her drug use on August 13, 2007, and she admitted to using cocaine on one occasion. In addition, she admitted to using marijuana on August 11, 2007, and a urine sample obtained on this date was confirmed positive by Kroll Laboratory Specialist, Incorporated, on August 23, 2007.

**The defendant shall participate in a program of testing and treatment for substance abuse as directed by the Probation Office, until such time as the defendant is released from the program by the probation officer. Further, the defendant shall be required to contribute to the cost of services for any such treatment in an amount determined by the probation officer, not to exceed the actual costs. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.**

On July 24, 2007, Ms. Welsh was referred to outpatient drug and alcohol counseling through Gaudenzia/Crossroads. Ms. Welsh had an intake appointment on July 30, 2007, at which time she was scheduled for individual and group counseling sessions. Ms. Welsh failed to participate in individual and group counseling sessions during the weeks of August 6 and 13, 2007. On August 6, 2007, Ms. Welsh rescheduled her appointment and agreed to attend her individual counseling session on August 7, 2007. Ms. Welsh failed to attend. Ms. Welsh also failed to attend her group session on August 9, 2007. On August 14, 2007, Ms. Welsh called and rescheduled her individual session for the following day. She failed to attend. Ms. Welsh also failed to attend her group session of August 16, 2007. Ms. Welsh last participated in counseling on August 7, 2007.

On August 27, 2007, Ms. Welsh reported to the Probation Office, and a urine sample was attempted to be obtained from her. At the time, she advised that she was unable to provide a sample and was instructed to remain in the office until such sample could be obtained. Ms. Welsh left the Probation Office without permission and prior to providing the requested urine sample.

**The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.**

**The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**

On July 24, 2007, Ms. Welsh was instructed to report daily to the Probation Office until she was able to obtain employment and it could be determined that she was complying with the conditions of supervised release. Ms. Welsh failed to report to the Probation Office on July 31, 2007, August 6, 10, 16, 20, and 30, 2007, and September 6, and 10, 2007. Ms. Welsh did not call the Probation Office on these dates to advise that she would be unable to report.

On August 10, 2007, Ms. Welsh was to have reported to the Probation Office via telephone, because on August 9, 2007, she had stated to the probation officer that she was to begin working at the Bel Aire-Clarion Hotel and Conference Center (Bel Aire) as a housekeeper on August 10, 2007. Ms. Welsh was instructed to contact the Probation Office on August 10, 2007, in order to provide a schedule and determine when she could report to the Probation Office. Ms. Welsh failed to call in, and on August 13, 2007, the Probation Office contacted the Bel Aire and was advised that Ms. Welsh was not employed there and had just been interviewed that morning by the housekeeping supervisor, but there were no intentions to hire her. Therefore, the statement made on August 9, 2007, was untruthful.

PRAYING THAT THE COURT WILL ORDER that the supervised releasee appear in Federal Court, Courtroom C, with legal counsel on _____ at _____, to show cause why supervision should not be revoked.

### ORDER OF COURT

Considered and ordered this _____ day of _____ , 20 ____ and ordered filed and made a part of the records in the above case.

_____
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ September 11, 2007

_____
David J. Conde
U.S. Probation Officer

_____
Gerald R. Buban
Supervising U.S. Probation Officer

Place: Erie, PA